IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CR-188-TCK |
| ) | |
| RAYMOND MARK HAMILTON, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court are Defendant Raymond Mark Hamilton's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2) (Doc. 26) and the United States' Motion to Dismiss Defendant's § 3582 Motion (Doc. 34).

**I.   Recharacterization of Motion**

Defendant's motion is based upon *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), which was made retroactive to cases on collateral review in *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257 (2016).  Defendant argues that, under *Johnson*, he no longer qualifies for the Armed Career Criminal Act ("ACCA") enhancement and that his sentence should be reduced from 190 months to 120 months.  The relief Defendant seeks is not available under 18 U.S.C. § 3582. *United States v. Bowman*, --- F. App'x --; 2016 WL 1598745, at *2 (10th Cir. Apr. 21, 2016) (unpublished) (holding that § 3582 "may not be used to challenge the constitutionality of a sentence based on a decision of the United States Supreme Court" and that *Johnson* challenge could be raised only under § 2255).  Accordingly, if the motion is not reconstrued, it shall be dismissed for lack of jurisdiction.

The United States correctly points out that Defendant expressly denied that his motion was based upon 28 U.S.C. § 2255.  Therefore, the United States urges the Court to dismiss the motion

for lack of jurisdiction rather than construe it as a § 2255 motion. While this approach would be warranted under the circumstances, the Court finds it apparent that Defendant simply copied this language from other § 3582 briefs where defendants had exhausted habeas remedies and sought to avoid dismissal of the motion as a second or successive habeas petition. It is clear that Defendant seeks to vacate or reduce his sentence based on *Johnson*, and the Court therefore construes the motion as one arising under § 2255.

Defendant is given notice that the Court intends to recharacterize his motion as one arising under 28 U.S.C. § 2255. Defendant is warned that this will make it significantly more difficult for him to file another § 2255 motion in the future. Defendant shall be given the opportunity to: (1) contest the Court's recharacterization of the motion; (2) withdraw the motion; or (3) amend the motion to include any other § 2255 claims he would like to raise. *See United States v. Castro*, 540 U.S. 375, 383 (2003) (explaining limitations on lower courts' "recharacterization power" and outlining the above procedure).

**II.    Conclusion**

The United States' Motion to Dismiss Defendant's §3582 Motion (Doc. 34) is DENIED. Defendant's Motion to Proceed IFP (Doc. 28) is GRANTED. Defendant's Motion for Appointment of Counsel (Doc. 29) is DENIED.

Defendant is ordered to file a "Notice" with the Court stating:

1. I object to the Court's characterization of my motion, and I would like the Court to consider it as a § 3582(c) motion.

or

2. I object to the Court's characterization of my motion, and I would like to withdraw the motion.

or

3. I do not object to the Court's characterization of my motion, and I would like to amend the motion to include additional grounds for § 2255 relief.  (If this option is chosen, Defendant shall include supporting arguments and authorities.)

or

4. I do not object to the Court's characterization of my motion, and I would not like to include additional grounds for § 2255 relief.

This Notice must be postmarked no later than July 1, 2016.

**SO ORDERED** this 10th day of June, 2016.

*[signature]*
**TERENCE KERN**
**United States District Judge**